UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| GRET NORTHERN INSURANCE COMPANY as subrogee of ACIE AND LINDA VICKERS<br>15 Mountain View Road<br>Warren, NJ 07059<br><br>        Plaintiff<br><br>v.<br><br>NIROO CONSTRUCTION, INC.<br>101710 River Road<br>Potomac, MD  20854<br><br>and<br><br>BUILDER SERVICES GROUP, INC. d/b/a MASCO CONTRACTOR SERVICES trading as DAVENPORT INSULATION<br>2339 Beville Road<br>Daytona Beach, Florida 32119<br><br>        Defendants | Case No.: |

## COMPLAINT AND REQUEST FOR JURY TRIAL

Now comes the Plaintiff, Great Northern Insurance Company as subrogee of Acie and Linda Vickers by and through its undersigned counsel, and for its causes of action against defendants Niroo Construction, Inc. and Builder Services Group, Inc. doing business as Masco Contractor Services trading as Davenport Insulation, states as follows:

## PARTIES

1. Great Northern Insurance Company ("Great Northern") is an Indiana Corporation engaged in the insurance business with a principal place of business located at 15 Mountain View Road, Warren, New Jersey 07059 and at all times relevant hereto

insured and real and personal property of its insured, Acie and Linda Vickers. It is authorized to transact business and has transacted business in the State of Maryland.

2. Defendant Niroo Construction, Inc., ("Niroo") is, upon information and belief, a corporation organized and exiting under the laws of the State of Maryland with its principal place of business located at 10710 River Road, Potomac, Maryland 20854 and, at all times relevant hereto, was engaged in the residential construction business.

3. Defendant Builder Services Group, Inc. ("Davenport"), is, upon information and belief, a corporation organized and existing under the laws of the State of Florida, doing business as Masco Contractor Services and trading as Davenport Insulation with its principal place of business located at 2339 Beville Road, Daytona Beach Florida 32119 and, at all times relevant hereto, was engaged in the distribution and installation of insulation.

**JURISDICTION AND VENUE**

4. Jurisdiction is proper under 28 U.S.C. § 1332 because there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

5. Venue is proper under 28 U.S.C. § 1391 because the events which gave rise to this cause of action occurred in Montgomery County, Maryland, which is embraced within this judicial district.

**FACTS**

6. During the time period of 2007 through 2009, Niroo was the builder and/or general contractor of a residential property located at 9411 Newbridge Drive, Potomac, Maryland 20854 ("residence")

7. Upon information and belief, Niroo subcontracted certain aspects of the construction work, including the installation of insulation.

8. Upon information and belief, Davenport installed the insulation at the residence, including insulating a water filled sprinkler system.

9. Upon information and belief, Davenport performed said insulation work under the supervision and oversight of Niroo.

10. In or about February 2009, Acie and Linda Vickers purchased the residence.

11. Great Northern provided a policy of insurance to Acie and Linda Vickers for the residence and its contents under policy number 13447427-05.

12. Pursuant to the terms of the Great Northern policy of insurance and applicable law, Great Northern is subrogated to its insureds' rights and claims, to the extent of payments made, in the event it paid a loss caused by the actions of a third party.

13. On or about January 8, 2014, sprinkler pipes in the residence failed due to a lack of insulation which caused the sprinkler pipes to freeze and caused water to escape through the ceiling of the main floor, ceiling materials to collapse, and shards of pipe to fall.

14. The failed sprinkler pipes were located above the ceiling of the main floor of the property.

15. The aforementioned building materials collapsed into the occupied portions of the residence and caused damage to property and struck the head of Mr. and Mrs. Vickers' housekeeper causing her personal injury.

16. As a direct and proximate result of the acts and/or omissions of the defendants, described more fully below, the sprinkler system was compromised, ineffective, and unable to perform its intended function which was to protect the health, safety and well being of the Vickers, their visitors, guests and/or employees.

17. As a direct and proximate result of the acts and/or omissions of the defendants, described more fully below, the Vickers, their visitors, guests and/or employees suffered a risk of harm and threat of death and/or personal injury.

18. As a direct and proximate result of the acts and/or omissions of the defendants, the Vickers suffered damage to their real and personal property, and incurred additional expenses for emergency repair, mitigation and other incidental and consequential damages.

19. Pursuant to the policy of insurance, Great Northern has made payments to the Vickers in an amount in excess of $400,000.00 and may make additional payments for which it is subrogated.

20. Great Northern's subrogor, Mr. and Mrs. Vickers, will not have an uncompensated loss as a result of Great Northern's payments.

### COUNT I – NEGLIGENCE v. NIROO

21. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth at length herein.

22. At all times relevant hereto, Niroo was negligent, careless and/or reckless in the construction, retention of subcontractors, oversight, and/or inspection of the construction of the residence such that the Vickers, as well as their occupants, visitors,

guests and/or employees, were at risk of harm and threat of personal injury and the Vickers suffered damages to their real and personal property.

23. At all times relevant hereto, Niroo owed the Vickers a duty to exercise reasonable care in the construction, retention of subcontractors, oversight, and/or inspection of the construction of the residence.

24. Niroo knew or should have known that its failure to exercise due care would result in the risk of harm and threat of personal injury to the Vickers as well as their occupants, visitors, guests and/or employees, and a risk of property damage.

25. Niroo's relationship with the Vickers was such that it knew or should have known that its failure to exercise due care in the construction, retention of subcontractors, oversight, and/or inspection of the construction of the residence would result in damages to their real and/or personal property.

26. Niroo in undertaking to construct, retain subcontractors, oversee, and/or inspect the construction of the residence was under a common law duty to exercise reasonable care in the performance of its undertaking.

27. Niroo constructed, retained subcontractors, oversaw, and/or inspected of the construction of the residence, including the insulation of the sprinkler system, in an inadequate manner, such that the sprinkler system was not adequately protected from freezing temperatures.

28. Niroo acting by and through its employees, agents, servants, contractors and/or subcontractors breached its duty of care in one or more of the following negligent, reckless and/or careless acts and/or omissions:

   a. failing to adequately supervise its agents, employees, workmen, representatives, contractors, subcontractors, servants and/or

      officers to ensure that the sprinkler system was properly protected from freezing conditions through the use of, inter alia, insulation;

b.    failing to properly inspect and evaluate the residence to confirm that its sprinkler system was adequately protected from freezing temperatures;

c.    failing to properly specify a sprinkler system with insulation capable of withstanding weather conditions;

d.    failing to properly insulate the sprinkler system, sprinkler pipes and/or unheated areas of the residence to avoid freezing sprinkler pipes or other failure;

e.    failing to properly evaluate the weather conditions at the location of the residence as part of supplying and installing the insulation;

f.    failing to properly inspect and evaluate the unheated areas of the residence where the sprinkler system was installed to identify open and obvious exposure of the sprinkler system and/or sprinkler pipes to freezing temperatures;

g.    failing to select or retain competent professionals and/or sub-contractors as part of design, construction and/or completion of the residence; and

h.    failing to otherwise exercise due and ordinary care.

29. As a direct and proximate result of Niroo's negligent, careless and/or reckless conduct, more fully described above, the Vickers suffered substantial losses to their real, and personal property, together with emergency expenses, and other incidental and consequential damages in an amount in excess of $400,000.00 for which they were paid and/or will be paid by Great Northern.

    WHEREFORE, plaintiffs Great Northern Insurance Company as subrogee of Acie and Linda Vickers demands judgment in its favor and against defendant Niroo Construction, Inc. in an amount in excess of $400,000.00 together with pre-judgment interest, attorney fees, delay damages and such other damages as may be properly awarded by the court.

## COUNT II- NEGLIGENCE v. DAVENPORT

30.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth at length herein.

31.     At all times relevant hereto, Davenport was negligent, careless and/or reckless in the insulation, oversight, and/or inspection of the insulation of the residence such that the Vickers, as well as their occupants, visitors, guests and/or employees, were at risk of harm and a threat of personal injury and property damage.

32.     At all times relevant hereto, Davenport owed the Vickers a duty to exercise reasonable care in the insulation, oversight, and/or inspection of the insulation of the residence.

33.     Davenport knew or should have known that its failure to exercise due care would result in the threat of harm, risk of personal injury, and damages to the real and/or personal property of the Vickers and the harm actually suffered.

34.     Davenport in undertaking to insulate the residence was under a common law duty to exercise reasonable care in the performance of its undertaking, and its duty to exercise reasonable care was separate from, and in addition to, any duties or obligations that may have existed under contract.

35.     Davenport insulated the residence, including insulation of the sprinkler system, sprinkler pipes, and heated and/or unheated areas in a defective manner, such that the sprinkler system was not adequately protected from freezing temperatures.

36.     Davenport acting by and through its employees, agents, servants contractors and/or subcontractors breached its duty of care in one or more of the following negligent, reckless and/or careless acts and/or omissions:

13632335v.1

    a.    failing to adequately supervise its agents, employees, workmen, representatives, contractors, subcontractors, servants and/or officers to ensure that the sprinkler system was properly insulated;

    b.    failing to properly inspect and evaluate the residence to confirm its sprinkler system was adequately insulated and protected from freezing temperatures;

    c.    failing to properly specify insulation and the installation of same within the residence;

    d.    failing to properly insulate the sprinkler system, sprinkler pipes and/or unheated areas of the residence to avoid freezing sprinkler pipes or other failure;

    e.    failing to properly evaluate the weather conditions at the location of the residence as part of supplying and installing the insulation;

    f.    failing to properly inspect and evaluate the unheated areas of the residence where the sprinkler system was installed to identify open and obvious exposure of the sprinkler system and/or sprinkler pipes to freezing temperatures;

    g.    failing to select or retain competent professionals and/or subcontractors as part of construction and/or completion of the Vickers' home; and

    h.    failing to otherwise exercise due and ordinary care.

37. As a direct and proximate result of Davenport's negligent, careless and/or reckless conduct, more fully described above, the Vickers suffered substantial losses, to their real, and personal property, together with emergency expenses, and other incidental and consequential damages in an amount in excess of $400,000.00 for which they were or will be paid by Great Northern.

WHEREFORE, plaintiff Great Northern Insurance Company as subrogee of Acie and Linda Vickers demands judgment in its favor and against defendant Builder Services Group, Inc. d/b/a Masco Contractor Services trading as Davenport Insulation in an amount in excess of $400,000.00 together with pre-judgment interest, attorney fees, delay damages and such other damages as may be properly awarded by the court.

13632335v.1

                                        Respectfully Submitted,

                                        _____/s/_____
                                        Robert D. Anbinder, Esquire
                                        Federal Bar No.: 10885
                                        P.O. Box 65354
                                        Baltimore, MD  21209
                                        Phone: 410-916-7469
                                        Email: rdaesq@verizon.net

                                        *Attorney for Great Northern a/s/o*
                                        *Linda and Acie Vickers, Plaintiff*

## **JURY DEMAND**

Plaintiff, by and through undersigned counsel, hereby requests a jury trial on all issues in this case.

                                                                                                                                      /s/
                                                  Robert D. Anbinder, Esquire

                                                  *Attorney for Great Northern a/s/o*
                                                *Linda and Acie Vickers, Plaintiff*